[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, William Boynton Jr., filed a complaint against the defendant, Nationwide Mutual Insurance Company (Nationwide) on March 18, 1996, alleging in a single count that he suffered injuries from a motorcycle accident on December 9, 1993 caused by Shawn Lavoie's negligent operation of a motor vehicle. Boynton further alleges that the cost of his injuries exceeds the monetary limits of Lavoie's automobile insurance policy. Pursuant to his automobile insurance policy with Nationwide, Boynton alleges that Nationwide contracted to provide him with underinsured motorist coverage. Boynton also, alleges that Nationwide failed to fulfill its contractual obligation to provide him underinsured motorist coverage.
On February 18, 1998, Boynton filed a separate single count complaint against the defendant, city of New Haven alleging that while operating a motorcycle in the course of his duties as a New Haven police officer on December 9, 1993, he suffered severe injuries from a collision caused by Lavoie's negligent operation of a motor vehicle. Having the cost of his injuries exceed the monetary limits of Lavoie's automobile insurance, Boynton alleges that he qualifies as a covered person under the underinsured motorist policy of the city of New Haven as a self-insurer.
On July 20, 1998, Nationwide filed a motion to consolidate Boynton's underinsured motorist cases against itself and the city CT Page 16318 of New Haven pursuant to Practice Book § 9-5. The motion to consolidate was granted on August 3, 1998.
On March 15, 1999, Nationwide filed a motion for summary judgment on the ground that Boynton's unlimited underinsured motorist coverage from the self-insured policy of the city of New Haven barred Boynton from receiving benefits under his policy with Nationwide. As required by Practice Book § 11-10, Nationwide filed a memorandum of law along with attached exhibits.
On June 28, 1999, the city of New Haven filed a motion for summary judgment on the ground that General Statutes §52-557n(b)(6) immunizes it from liability for the negligent acts of third parties. Additionally, the city of New Haven argues that the statutory limits of its underinsured motorist coverage are $20,000 per person and $40,000 per occurrence. As required by Practice Book § 11-10, the city of New Haven filed a memorandum of law along with attached exhibits.[1]
On May 6, 1999, Boynton filed an objection to Nationwide's motion for summary judgment arguing that a genuine issue of material fact exists concerning the monetary amount of the city of New Haven's underinsured motorist coverage.[2]
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277, 279,567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book § 17-49. "[T]he trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins.Co., 245 Conn. 374, 381, 713 A.2d 820 (1998). In a motion for summary judgment, the movant bears the burden of establishing "the absence of any genuine issue [of] material facts. . . ." (Citation omitted; internal quotation marks omitted.) Rivera v.Double A Transportation, Inc., 248 Conn. 21, 24, 727 A.2d 204
(1999). Conversely, the party opposing the motion for summary judgment "must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact." (Internal quotation marks omitted.) Hertz Corp. v. Federal Ins. Co., supra, 381. CT Page 16319
The city of New Haven argues in its memorandum in support of its motion for summary judgment that § 52-557n(b)(6) prevents it from incurring liability under its underinsured coverage for Lavoie's negligent actions because Lavoie was not an employee, officer, or agent of the city at the time of the accident. Nationwide argues in its memorandum in support of its motion for summary judgment that Boynton has unlimited underinsured motorist coverage from the city of New Haven's self-insured policy. Nationwide, further argues that the city of New Haven's failure to comply with the provision of General Statutes §38a-336(a)(2), which requires signing a written waiver to receive the minimum coverage for underinsured motorists, established that the city of New Haven provided unlimited coverage for underinsured motorists. As a result, Nationwide argues that General Statutes § 38a-336(d) bars Boynton from receiving benefits from it because § 38a-336(d) limits the plaintiff's recovery to "the highest amount recoverable under the primary policy, the secondary policy, or any of the excess policies." Boynton in his memorandum of law in opposition to the motion for summary judgment argues that a genuine issue of material fact remains as to whether the city of New Haven's underinsured motorist coverage is unlimited.
General Statutes § 52-557n(b)(6) fails to exempt the city of New Haven from the liability of being self-insured. The legislature enacted § 52-557n(b)(6) as part of the Tort Reform Act. See Elliott v. Waterbury, 245 Conn. 385, 396,715 A.2d 27 (1998); Williams v. New Haven, 243 Conn. 763, 770,707 A.2d 1251 (1998) (Berdon, J., concurring). As a result, General Statutes § 52-557n(b)(6) pertains only to tort, not contract actions. See LeStrange v. Korowotny, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 046929 (November 4, 1997, Corradino, J.) (21 Conn. L. Rptr. 4) (holding "[t]he immunity defense under 52-557n . . . has no application to a contract claim.") "An action to recover under an automobile policy is not an action in tort but, rather, an action in contract. The obligation of [an] insurance carrier providing uninsured motorist coverage as a part of its liability insurance coverage . . . is a contractual obligation. . . ." (Internal quotation marks omitted; emphasis in original.) Dodd v. MiddlesexMutual Assurance Co., 242 Conn. 375, 384, 698 A.2d 859 (1997). Consequently, § 52-557n(b)(6) fails to provide the city of New Haven immunity because a violation of an insurance agreement creates an action in contract, not in tort. CT Page 16320
Nevertheless, the city of New Haven's motion for summary judgment is granted on the ground that Lavoie's vehicle fails to qualify as an underinsured vehicle with respect to the city of New Haven's self-insurance policy.[3] The limitations of the city of New Haven's underinsured motorist coverage are $20,000 per person and $40,000 per accident.[4] General Statutes §38a-371(c) outlines the mandatory requirements for self-insured vehicles.[5] Filing a statement concerning the monetary limitations for underinsured motorist coverage is not a mandatory requirement for self-insurers pursuant to § 38a-371(c). See id. While self-insurers need not file statements, they must provide coverage "substantially equivalent to those afforded by a policy of insurance. . . ." General Statutes § 38a-371(c)(3).
Becoming a self-insured entity obligated the city of New Haven to provide underinsured motorist benefits.[6] The mandatory minimum amount of underinsured motorist coverage set forth by the legislature is $20,000 per person and $40,000 per accident.[7] Consequently, the city of New Haven as a self-insurer had an obligation to provide underinsured motorist coverage in the amount of $20,000 per person and $40,000 per accident. No statutory provision requires a self-insured entity to exceed the minimum coverage required by statute. Cf. Orkney v.Hanover Ins. Co., 248 Conn. 195, 205, 727 A.2d 700 (1999) ("The statutory scheme governing self-insurance requires the commissioner of insurance to ascertain whether an applicant for self-insurer status possesses resources adequate for waiver of the minimum insurance coverage requirements.") In the absence of evidence that the city of New Haven elected to exceed the mandatory minimum requirements required by law, the limitations of the city of New Haven's underinsured motorist coverage in the present matter are $20,000 per person and $40,000 per accident.[8]
Boynton is not underinsured with respect to the city of New Haven's policy because Lavoie's automobile insurance of $25,000 exceeds the $20,000 available to Boynton under the city of New Haven's underinsured motorist coverage. "An underinsured motor vehicle means a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which the claim is made. . . ." General Statutes § 38a-336(e). "Thus, § CT Page 1632138a-336 requires that, in determining whether a motor vehicle is `underinsured' the total of all liability insurance coverage available to an individual claimant must be compared to the amount of underinsured motorist coverage in each of the policies against which the victim has a claim." Covenant Ins. Co. v. Coon,220 Conn. 30, 34, 594 A.2d 977 (1991). Here, Boynton could only claim $20,000 under the city of New Haven's underinsured motorist coverage because the limits of the policy allow only up to $20,000 per person. Boynton, however, could claim $25,000 under Lavoie's automobile insurance policy. Consequently, Boynton is not underinsured as to the city of New Haven's policy because Lavoie's liability policy exceeds the city of New Haven's underinsured motorist coverage by $5,000. See General Statutes § 38a-336(e). Accordingly, the city of New Haven's motion for summary judgment is granted because Boynton has no claim for underinsured motorist benefits from the city of New Haven.
The Nationwide's motion for summary judgment is denied on the ground that a material issue of fact exists as to whether Boynton is underinsured as to Nationwide's policy. Nationwide has failed to provide any documentation concerning the limits of its underinsured motorist coverage. As previously stated, the city of New Haven has a limit of $20,000 per person and $40,000 per accident for its underinsured motorist coverage. Although General Statutes § 38a-336(d) limits recovery to the highest recovery available under the primary, secondary, or excess coverage, an issue of fact remains as to the amount of Boynton's highest recovery because Nationwide's policy limits remain unknown. Furthermore, lacking Nationwide's policy limits for underinsured motorist benefits makes it impossible to determine whether Boynton was underinsured as to Nationwide's policy. Accordingly, Nationwide's motion for summary judgment is denied because an issue of material fact remains as to whether Boynton may receive coverage from Nationwide's policy.
Based on the foregoing, the city of New Haven's motion for summary judgment is granted and Nationwide's motion for summary judgment is denied.[9]
Howard F. Zoarski Judge Trial Referee